UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SONIX CARRIERS, INC.,

                 Plaintiff,

    -v-                           No. 23-CV-7741-LTS

SVES LLC, SVES APPAREL LLC, and SVES
GO LLC,

                 Defendants.

-------------------------------------------------------------X

## Memorandum Order

Sonix Carriers, Inc. ("Sonix" or "Plaintiff") brings this action against SVES LLC, SVES Apparel LLC, and SVES Go LLC ("Defendants") for damages allegedly caused by Defendants' "failure to pay approximately 641 invoices and . . . repeated breaches of contract." (Docket entry no. 9 (the "Complaint" or "Compl.") at ¶ 1.)  Defendants are all organized as limited liability companies ("LLCs"), and Salomon Murciano ("Mr. Murciano") is a member of each of the Defendants in this action.  (Id. ¶¶ 13, 15, 16, 18, 19, 21.)  The Complaint asserts that the Court has diversity jurisdiction of this case under 28 U.S.C. section 1332.

The case is before the Court on Defendants' Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction.  (Docket entry no. 14 (the "Motion to Dismiss").)  Plaintiff has also filed a letter motion for leave to file a sur-reply to the Motion to Dismiss.  (Docket entry no. 27 ("Pl. Mtn.").)  The Court has carefully considered the submissions of the parties in connection with the instant motions.  For the following reasons, Plaintiff's request to file a sur-reply is denied, and the Motion to Dismiss is granted.

BACKGROUND[1]

Sonix Carriers is a corporation organized in New Jersey and headquartered in New York.  (Compl. ¶¶ 6-7.)  All three Defendants are LLCs that (1) are organized under the laws of Florida, (2) are registered in Florida, and (3) maintain corporate offices in Florida.  (Id. ¶¶ 13-14, 16-17, 19-20.)  Mr. Murciano is a member of all three Defendants and maintains a residence in Florida.  (Id. ¶¶ 15, 18, 21.)

Mr. Murciano submitted a declaration asserting that he is a resident and domiciliary of New York.  (Docket entry no. 15 ("Murciano Decl.") at ¶ 1.)  To support the argument that he "should be considered a domiciliary of the State of New York within the meaning of the law governing diversity jurisdiction," Mr. Murciano proffers the following as evidence that he considers New York to be his home: he has "continuously lived in New York for approximately eighteen years[,]" including in a home with his family in the Village of Lawrence "for approximately sixteen years" and has "resided in an apartment in Manhattan with [his] child" for the past three years, "which [he has] furnished with his personal property."  (Id. ¶ 3.)  Mr. Murciano further attests that he spends "the majority of the year conducting business at the Manhattan offices of Defendants, where [he] frequently interact[s] in person with Defendants' employees[;]" that his children live and attend school in New York; that he is a

---

[1]     In evaluating a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, . . . but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010) (citation and quotation marks omitted).  "Accordingly, the court may decide whether subject matter jurisdiction exists on the basis of affidavits or other evidence, and no presumptive truthfulness attaches to the complaint's jurisdictional allegations." Frisone v. PepsiCo Inc., 369 F. Supp. 2d 464, 469-70 (S.D.N.Y. 2005) (citations and quotation marks omitted).

member of a synagogue in New York; that all of his cars are kept in New York; that his personal

bank accounts are in New York; and that, except for his dental care, all of his doctors are in New

York.  (Id. ¶ 4.)  Mr. Murciano, however, notes that he "did establish an apartment in Florida"

during the COVID-19 pandemic that he maintains and has listed as the service-of-process

address for the Defendants.  (Id. ¶ 5.)  Mr. Murciano proffers that his connections to Florida are

limited to paying taxes, maintaining a warehouse for use in his business, and his dental care

(which is provided by his sister in Miami), and that the apartment that he maintains is "primarily

for vacation, not for [his] family or [him] to live there with any permanence."  (Id.)  In sum, Mr.

Murciano "considers [him]self to be a New Yorker, as New York is not only [his] place of

residence but by far is the center of gravity for [his] family, business, and personal affairs."  (Id.)

      In response to Mr. Murciano's declaration, Plaintiffs submitted an affidavit from

Joseph Gutman ("Mr. Gutman"), the managing member of Sonix Carriers and Mr. Murciano's

"business associate" and "personal friend[.]"  (Docket entry no. 21 ("Gutman Decl.") ¶¶ 1, 4.)

To support the assertion that Mr. Murciano "lives in Florida and not in New York[,]" Mr.

Gutman proffers that Mr. Murciano moved to Florida in 2019 when he separated from his wife;

that, a short time thereafter, Mr. Murciano "purchased . . . a beautiful and lavish five bedroom

condominium apartment" in Florida; and that Mr. Murciano and Mr. Gutman have "extensively

discussed" that Mr. Murciano considers Florida "to be his permanent residence, even though he

frequently travel[s] back to New York both to visit his family and for business."  (Id. ¶¶ 6-8.)

Mr. Gutman also attests that it was "clear" from his two visits to Mr. Murciano's apartment in

Florida that "his Florida apartment was his permanent residence, and not merely his vacation

residence[;]" that Mr. Murciano drove him in a black car with Florida license plates; that Mr.

Murciano filed his personal tax returns in Florida; and that Mr. Murciano is registered to vote in

Florida.  (Id. ¶¶ 9-11.)  While Mr. Gutman does not dispute that Mr. Murciano "likely continued his New York synagogue membership[,]" he alleges that Mr. Murciano said that "he became a member of a Florida synagogue" when he moved.  (Id. ¶ 16.)  Finally, Mr. Gutman concedes that Mr. Murciano's children live in New York, that he "possibly maintains an apartment in New York City and that he still conducts much of his business from New York."  (Id. ¶ 15.)

        In a reply declaration, Mr. Murciano reiterates his continuing family and business ties to New York, states that he lives in New York and that his life is "centered in New York," including living in an apartment in Manhattan with one of his minor children, that he remains an active member of his New York synagogue, that the employees of his businesses are all in New York despite maintenance of a Florida warehouse as an "ancillary" operation, and that he should not be considered a citizen of Florida for diversity jurisdiction purposes.  (Docket entry no. 23 ("Reply Decl.") ¶¶ 3, 6.)

D<span style="font-variant:small-caps">ISCUSSION</span>

Motion for Leave to File Sur-Reply

        Plaintiff requests leave to file a sur-reply in response to Defendants' reply in support of their Motion to Dismiss.  Specifically, "Plaintiff seeks leave to file a sur-reply to address . . . two items, the new documents submitted in Defendants' reply and Defendants' silence on two fundamental allegations made in Plaintiff's opposition which Defendants do not address in their reply."  (Pl. Mtn. at 2.)  Plaintiff has not provided the Court with a copy of the proposed sur-reply.  While "[c]ourts grant leave to file sur-replies" in their discretion "when they address arguments raised for the first time in a reply brief[,]" Sec. & Exch. Comm'n v. Ripple Labs, Inc., No. 20-CV-10832-AT, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022), Defendants

did not raise new arguments for the first time in their reply brief.  For that reason, the Court, in

its discretion, denies Plaintiff's request to file a sur-reply.

<u>Motion to Dismiss</u>

   Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss

the complaint for lack of subject matter jurisdiction.  Under Federal Rule of Civil Procedure

12(h)(3), a complaint must be dismissed for lack of subject matter jurisdiction when "the court

'lacks the statutory or constitutional power to adjudicate it.'"  <u>Cortlandt St. Recovery Corp. v.</u>

<u>Hellas Telecomms.</u>, 790 F.3d 411, 416-17 (2d Cir. 2015) (quoting <u>Makarova v. United States</u>,

201 F.3d 110, 113 (2d Cir. 2000)).  "A plaintiff asserting subject matter jurisdiction has the

burden of proving by a preponderance of the evidence that it exists."  <u>Makarova</u>, 201 F.3d at

113.  In evaluating a motion to dismiss for lack of subject matter jurisdiction, "the court must

take all facts alleged in the complaint as true and draw all reasonable inferences in favor of

plaintiff, . . . but jurisdiction must be shown affirmatively, and that showing is not made by

drawing from the pleadings inferences favorable to the party asserting it."  <u>Morrison v. Nat'l</u>

<u>Australia Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008), <u>aff'd</u>, 561 U.S. 247 (2010) (citation and

quotation marks omitted).  "Accordingly, the court may decide whether subject matter

jurisdiction exists on the basis of affidavits or other evidence, and no presumptive truthfulness

attaches to the complaint's jurisdictional allegations."  <u>Frisone v. PepsiCo Inc.</u>, 369 F. Supp. 2d

464, 469-70 (S.D.N.Y. 2005) (citations and quotation marks omitted).

   The parties do not dispute that this case may only be properly entertained in

federal court on the basis of diversity jurisdiction under 28 U.S.C. section 1332.  "[D]iversity

jurisdiction is available only when all adverse parties to a litigation are completely diverse in

their citizenships[,]" <u>Herrick Co. v. SCS Commc'ns, Inc.</u>, 251 F.3d 315, 322 (2d Cir. 2001), and

"[a] Limited Liability Company ('LLC') is completely diverse from opposing parties only if <u>all</u> of the members of the LLC are citizens of different states than all opposing parties."  <u>Dumann Realty, LLC v. Faust</u>, No. 09-CV-7651-JPO, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (emphasis in original).  Because Plaintiff is a citizen of New York (<u>see</u> Compl. ¶ 7), complete diversity will be lacking if Mr. Murciano—a member of the three Defendants—is also domiciled in New York.

"The determination of an individual's domicile is a mixed question of law and fact."  <u>Bell v. Gordon</u>, No. 05-CV-2163-NRB, 2005 WL 2087822, at *2 (S.D.N.Y. Aug. 30, 2005).  "A person's domicile, once established, is presumed to continue absent evidence that it has been changed."  <u>Ceglia v. Zuckerberg</u>, 772 F. Supp. 2d 453, 455–56 (W.D.N.Y. 2011) (citing <u>Gutierrez v. Fox</u>, 141 F.3d 425, 427 (2d Cir.1998)).  "To effect a change in domicile, two elements are required: (1) residence in a new domicile; and (2) the intention to remain there indefinitely."  <u>Id.</u> at 456 (citing <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000)).  "Where there is evidence of more than one residence, or the residence is not clear, the court looks to the party's intent."  <u>Finnegan v. Long Island Power Auth.</u>, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019).  Rather than relying solely on "self-serving declarations" to evaluate intent, courts consider "many factors including, inter alia, 'the party's current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes[,] whether a person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears) . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.'"  <u>Id.</u> (quoting <u>Kennedy v. Trs. of Test. Tr. of Will of Kennedy</u>, 633 F. Supp. 2d 77, 81 (S.D.N.Y.

2009)).  "No single factor is determinative, and courts must consider the 'totality of the evidence.'"  <u>Kennedy</u>, 633 F. Supp. 2d at 81 (citation omitted).  The party asserting a change in domicile bears the burden of proving it "by clear and convincing evidence."  <u>Palazzo</u>, 232 F.3d at 42 (citation omitted).

        There is no dispute that, in 2019, Mr. Murciano was domiciled in New York.  (Murciano Decl. ¶ 3; Gutman Decl. ¶ 5.)  The issue, then, is whether Mr. Murciano changed his domicile to Florida before this action was filed on August 31, 2023.  On the one hand, Plaintiff proffers evidence that Mr. Murciano changed his domicile to Florida in 2019.  This evidence includes Mr. Gutman's proffers that Mr. Murciano purchased a condominium apartment in Florida, pays taxes in Florida, is registered to vote in Florida, and made representations to Mr. Gutman about Florida being his permanent home.  (Gutman Decl. ¶¶ 6-11, 15-16.)  On the other hand, Mr. Murciano maintains that he considers New York still to be his home and proffers evidence to support that intent.  For example, Mr. Murciano attests that he has "resided in an apartment in Manhattan with [his] child" for the past three years, "which [he has] furnished with his personal property[;]" that he spends "the majority of the year conducting business at the Manhattan offices of Defendants, where [he] frequently interact[s] in person with Defendants' employees[;]" that his children live and attend school in New York—and that one of his minor children lives with him in an apartment in New York—; that he is a member of a synagogue in New York; that all but one of his cars are kept in New York; that all of his personal bank accounts are in New York; and that, except for his dentist, all of his medical providers are in New York.  (Murciano Decl. ¶¶ 3-4; Reply Decl. ¶¶ 3-4.)  Indeed, Plaintiff does not dispute that Mr. Murciano's children live in New York, that he "possibly maintains an apartment in New

York City and that he still conducts much of his business from New York."  (Gutman Decl. ¶ 15.)

 "Because there is conflicting evidence supporting domicile in New York and Florida," Plaintiff "has not provided clear and convincing evidence that [Mr. Murciano] changed [his] domicile from New York to Florida.  Thus, [his] presumptive domicile is New York." Halbritter v. Stonehedge Acquisition Rome II, LLC, No. 07-CV-3848-WHP, 2008 WL 926583, at *3 (S.D.N.Y. Apr. 2, 2008).  Since Plaintiff is a New York corporation, and Mr. Murciano—a member of all three Defendant LLCs—is also domiciled in New York, diversity cannot serve as a basis for subject matter jurisdiction in this case.  Therefore, Defendants' Motion to Dismiss is granted.

CONCLUSION

 For the foregoing reasons, the Motion for Leave to File a Sur-Reply is denied, and the Motion to Dismiss the Complaint is granted.  This Memorandum Order resolves docket entry nos. 17, 19, and 27.  The Clerk of Court is respectfully directed to enter judgment dismissing the Complaint without prejudice, for lack of subject matter jurisdiction.[2]

SO ORDERED.

Dated: New York, New York
     May 21, 2024

                                     /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[2]   "[W]hen a case is dismissed for lack of federal subject matter jurisdiction, 'Article III deprives federal courts of the power to dismiss the case with prejudice.'"  Katz v. Donna Karan Company, 872 F.3d 114, 121 (2d Cir. 2017) (citation omitted).  The Complaint must therefore be dismissed without prejudice.